UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFERY VIVERETTE,

    Petitioner,

-vs.-                                                Case No. 8:23-cv-595-CEH-TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

**ORDER**

    Petitioner, a Florida prisoner, filed a petition for the writ of habeas corpus (Doc. 1) challenging convictions for two counts of first-degree murder and two counts of attempted murder entered in Hillsborough County, Florida, in 2003. Respondent moves to dismiss the petition, arguing the Court lacks jurisdiction to consider the petition because it is an unauthorized second petition for the writ of habeas corpus challenging the same convictions that Petitioner challenged in a previous habeas petition (Doc. 4). Petitioner opposes the motion to dismiss (Doc. 5). Upon consideration, the motion to dismiss will be granted in part and denied in part. Grounds One through Eight of the petition will be dismissed for lack of jurisdiction, and Grounds Nine and Ten will be denied.

    Because the petition was filed after the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the petition is governed by the provisions thereof. *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert.*

*denied*, 531 U.S. 840 (2000). The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts, *see* 28 U.S.C. § 2244(b). *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641-42 (1998). Section 2244(b) provides that before a second or successive application for habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Petitioner previously sought federal habeas relief in this Court regarding the convictions he challenges here. *See Viverette v. Secretary, Department of Corrections*, Case No. 8:10-cv-2897-EAK-TBM (M.D.Fla.) (petition denied November 8, 2011). Grounds One through Eight of the instant petition were or could have been raised when Petitioner filed his initial petition in 2010. Those claims, therefore, render the instant petition second or successive. Petitioner, however, has not shown he has received authorization from the court of appeals to file a second or successive habeas petition. Consequently, this Court lacks jurisdiction to consider Grounds One through Eight of the petition. *See Burton v. Stewart*, 549 U.S. 147, 152–57 (2007) (per curiam) (holding that when a petitioner does not obtain authorization from the appropriate court of appeals to file a second or successive habeas petition in the district court as required by § 2244(b)(3), the district court lacks jurisdiction to consider the petition).

Petitioner argues that the Court may consider his petition because a new judgment was entered in his criminal case in 2020. On July 2, 2020, the state post-

conviction court granted Petitioner's Motion for Correction of Illegal Sentence (Doc. 4-3, Ex. 46). The court determined that the sentences of life in prison on the two murder convictions were "illegal" solely to the extent that "the trial court failed to impose the non-discretionary mandatory minimum terms as required by section 775.087, after the jury found Defendant discharged a firearm during the commission of the offenses, resulting in death." (*Id*.). On December 3, 2020, the court entered a judgment indicating the sentences on the two murder convictions (Counts 1 and 2) were amended to reflect they were subject to a 25-year mandatory minimum sentence (*Id*., Ex. 47). The sentences were imposed *nunc pro tunc* to the original judgment entered on August 7, 2003 (*Id*.).

"'[W]here...there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not second or successive[.]'" *Osbourne v. Sec'y, Fla. Dep't Corrs.*, 968 F.3d 1261, 1264 (11th Cir. 2020) (quoting *Magwood v. Patterson*, 561 U.S. 320, 341–42 (2010)). However, "not every action that alters a sentence necessarily constitutes a new judgment for purposes of Section 2244." *Osbourne*, 968 F.3d at 1265. "'[T]he judgment that matters for purposes of Section 2244 is the judgment authorizing the petitioner's confinement.'" *Id*. (quoting *Patterson v. Secy, Fla. Dep't Corrs.*, 849 F.3d 1321, 1325 (11th Cir. 2017)). A Florida court's corrected sentence imposed *nunc pro tunc* does not qualify as a new judgment. *See Cassidy v. Sec'y, Fla. Dep't of Corr.*, 119 F.4th 1336, 1340 (11th Cir. 2024)

3

(an amended sentence that a Florida court issues *nunc pro tunc* does not constitute a new judgment because it relates back to the date of the original judgment) (citing *Osbourne*, 968 F.3d at 1266-67).

Because the amended sentences in Petitioner's case were imposed *nunc pro tunc* to the original judgment date, the judgment entered on December 3, 2020, is not a new judgment that Petitioner may challenge in a second petition. *See Cassidy*, 119 F.4th at 1341 ("We stated that '*the determining factor* as to whether the state court judgment is a new judgment for purposes of Section 2244(b) turns on the nunc pro tunc *designation*.' Because the *nunc pro tunc* designation on Batson's amended sentences came from the state court, we must give it the dispositive weight that *Osbourne* did.") (citation omitted and italics in original). Petitioner argues that the *nunc pro tunc* designation is erroneous (Doc. 5). But this Court "cannot second-guess the state court's *nunc pro tunc* designation . . . ." *Cassidy*, 119 F.4th at 1342.

Even though the December 2020 judgment is not a new judgment, the Court may still review Grounds Nine and Ten because they did not ripen until after the denial of the initial petition. *Stewart v. United States*, 646 F.3d 856, 863 (11th Cir. 2011) ("'[C]laims based on a *factual* predicate not previously discoverable are successive,' but '[i]f... the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.'") (italics in original) (quoting *Leal Garcia v. Quarterman*, 573 F.3d 214, 221,

4

222 (5th Cir. 2009)).

In Grounds Nine and Ten, Petitioner contends that he was denied due process under the Fourteenth Amendment because the trial court made the amended judgment *nunc pro tunc* to the date of the original judgment and failed to have a "complete re-sentencing" after correcting the original illegal sentence. Both these claims are procedurally barred from review because they were never presented as federal due process claims to the state courts (*See* Doc. 1-8; Doc. 4-3, Ex. 53). Although on direct appeal Petitioner argued that the trial court erred in imposing his new sentence *nunc pro tunc* to the original judgment and in failing to have a complete resentencing, he did not refer to a federal, constitutional violation of due process (*Id*.). Consequently, the state appellate court was never notified of any federal constitutional claim in Petitioner's direct appeal. Petitioner, therefore, failed to exhaust these federal claims in state court. *See Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 456–59 (11th Cir. 2015) ("The crux of the exhaustion requirement is simply that the petitioner must have put the state court on notice that he intended to raise a federal claim.").

Any attempt to return to state court to exhaust these claims would be futile since the Florida procedural rules do not permit a second direct appeal. Therefore, the claims are procedurally defaulted for federal habeas purposes. *See Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999) ("[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is

clear from state law that any future attempts at exhaustion would be futile."). Petitioner has not alleged cause for the procedural default, nor has he shown he is entitled to review of these claims through any other recognized exception to the procedural bar. *See Jones v. Campbell*, 436 F.3d 1285, 1304 (11th Cir.2006) ("A petitioner may obtain federal review of a procedurally defaulted claim if he can show both cause for the default and actual prejudice resulting from the default. Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice." (citations omitted)). Accordingly, Grounds Nine and Ten warrant no relief because they are procedurally barred.

Even if the claims were not procedurally barred, they would warrant no relief. Each claim presents a state sentencing error, and the Eleventh Circuit has consistently held that federal courts cannot review a state's alleged failure to adhere to its own sentencing provisions. *Branan v. Booth*, 861 F.2d 1507 (11th Cir. 1988). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Id.*, at 1508. Thus, Grounds Nine and Ten are not subject to habeas relief.

Accordingly, Respondent's motion to dismiss the petition as an unauthorized second or successive petition (Doc. 4) is **GRANTED** in part and **DENIED** in part. Grounds One through Eight are **DISMISSED** for lack of jurisdiction. Grounds Nine

and Ten are **DENIED** as procedurally barred and lacking merit. For Grounds Nine and Ten, a certificate of appealability and leave to appeal *in forma pauperis* are **DENIED**. Because the Court lacks jurisdiction to review Grounds One through Eight, the Court cannot issue a certificate of appealability for those grounds. *See Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007). The Clerk is directed to enter a judgment against Petitioner only on Grounds Nine and Ten of the petition. The Clerk is further directed to close this case.

    **DONE** and **ORDERED** in Tampa, Florida on March 31, 2025.

Charlene Edwards Honeywell
United States District Judge

cc: Petitioner, *pro se*
    Counsel of Record